UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
---------------------------------------------------------------X
SYED M. ARIF NAQVI,

                Plaintiff,                        Civil Action No.

       v.

SAUDI ARABIAN AIRLINES, INC.,          **NOTICE OF REMOVAL**

                Defendant.

---------------------------------------------------------------X

        Defendant SAUDI ARABIAN AIRLINES (sued incorrectly herein as "Saudi Arabian Airlines, Inc." and hereinafter "SAUDIA"), by and through its attorneys, Cunningham & Associates PLC and Condon & Forsyth LLP, hereby removes this action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1441(d).

        1.     This action was commenced against defendant SAUDIA by the filing of a Summons and Complaint in the Superior Court of the District of Columbia, with Case No. 2014 CA 004302 B, on or about July 14, 2014. Copies of the Summons and Complaint are attached hereto as Exhibit "A." Upon information and belief, the Summons and Complaint were served on SAUDIA on or about July 15, 2014. No further proceedings have been had in this action.

        2.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), 1441(d) and 1603 because defendant SAUDIA is a "foreign state."

        3.     This action is brought against a "foreign state" as that term is defined in 28 U.S.C. 1603(a) because:

    (a)    Defendant SAUDIA was, at the time this action was commenced, and now is a corporation duly organized and existing under and by virtue of the laws of the Kingdom of Saudi Arabia with its principal place of business in Jeddah, Saudi Arabia;

    (b)    A majority of its capital shares are owned by a foreign state, namely the Kingdom of Saudi Arabia; and

    (c)    Defendant SAUDIA is not a citizen of a State of the United States as defined in 28 U.S.C. § 1332 (c) and (e), nor created under the laws of any third country.

4.    Defendant SAUDIA is therefore entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441(d).

5.    Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the District of Columbia, which is the district in which the action is pending.

6.    Defendant will file this date a copy of the Notice of Removal with the Clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

7.    Defendant will this date give written notice of the filing of this Notice of Removal to adverse parties as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant SAUDI ARABIAN AIRLINES prays that this action now pending in the Superior Court of the District of Columbia, be removed therefrom to this Court pursuant to 28 U.S.C. § 1441(d).

Dated: Washington, D.C.
       August 1, 2014

                              By: _____/s/_____

Joseph F. Cunningham, D.C. Bar No. 65532
CUNNINGHAM & ASSOCIATES PLC
1600 Wilson Boulevard, Suite 1008
Arlington, Virginia 22209
(703) 294-6500

CONDON & FORSYTH LLP
Stephen J. Fearon (SF 8740)
sfearon@condonlaw.com
Bartholomew J. Banino (BB 4164)
bbanino@condonlaw.com
7 Times Square
New York, New York 10036
(212) 490-9100

*Attorneys for Defendant*
*SAUDI ARABIAN AIRLINES*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of August 2014, I served the foregoing Notice of Removal by first-class mail to the following:

Syed M. Arif Naqvi
13291 Leafcrest Lane, #202-A
Fairfax, Virginia 22033
(703) 346-5584
*Pro Se Plaintiff*

/s/

Joseph F. Cunningham, D.C. Bar No. 65532
CUNNINGHAM & ASSOCIATES PLC
1600 Wilson Boulevard, Suite 1008
Arlington, Virginia 22209
(703) 294-6500

# Exhibit A



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_SYED M. ARIF NAQVI_
Plaintiff

vs.

_SAUDI ARABIAN AIRLINES A/C_
Defendant

Case Number _14-0004502_

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_SYED M. ARIF NAQVI_
Name of Plaintiff's Attorney

_13291 LBARCREST LN_
Address
_#202-A FAIRFAX VA 22033_

_703 346 5584_
Telephone

Clerk of the Court

By _[signature]_
Deputy Clerk

Date _7/14/14_

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시요.    የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



## D.C. SUPERIOR COURT

SYED M. ARIF NAQVI

                               Plaintiff

v                                                      Civil Action No. _____

SAUDI ARABIAN AIRLINES INC.

                               Defendant

## COMPLAINT

1. Jurisdiction of this court is founded in D.C Code Annotated, 2001 edition, as amended, Sec 11-921.

2. This Court has personal jurisdiction over the Defendant because it is a corporation which carries out its business in the District of Columbia.

3. Venue is proper in the District of Columbia because the Defendant transacts business in the District of Columbia.

### NATURE OF THE CASE

4. By his complaint, the Plaintiff institutes action for damages of $100000 and states as under;

### PARTIES

5. The Plaintiff Syed Mohammad Arif Naqvi is a U.S citizen residing at 13291 Leaf Crest Lane # 202-A, Fair Fax, Virginia 22033, U.S.A.

6. The Defendant, is an airline incorporated under the laws and regulations of the Kingdom of Saudi Arabia. Its Head Office is PO Box 620, Jeddah, Saudi Arabia 21231. Defendant conducts its airline business in Washington D.C.

## FACTS

7. Plaintiff along with his wife, Atiya Batool, started their journey from Dulles (IAD) DC Washington on 13th February 2014. The first destination was Istanbul from where they travelled to Cairo, Egypt through same Turkish Airlines. From Cairo they flew to Jeddah on Defendant to perform Umrah/pilgrimage. Plaintiff did not avail third party services for the Umrah/pilgrimage.

8. The Plaintiff's departure was scheduled on 24th February, 2014. The e-ticket and on-line boarding card clearly and categorically mentioned that the flight will depart from Jeddah to Islamabad through S (south) Terminal. Accordingly, Plaintiff reached the terminal in time.

9. Upon reaching the S terminal, the Plaintiff was told by the person present at the boarding counter that the flight will depart from Hajj terminal and that they will have to move to that terminal. The Plaintiff was not given any response or attention when he pointed out that his ticket and boarding pass categorically mentions S (south) terminal as the terminal of departure.

10. The Plaintiff did not have any Saudi currency, and there was no transport arranged by the Defendant either in fact the manager refused to arrange transport knowing that the Plaintiff does not have the means to get the other terminal. The Plaintiff and his wife had to carry all four pieces of their luggage and had to facing severe inconvenience and stress of missing their flight.

11. Plaintiff had to make unimaginable efforts in tracing out ATMs given very little time. After paying multiple taxi charges, the Plaintiff and his wife reached the Hajj Terminal after paying multiple taxi charges, Plaintiff found himself in an environment that was neither hygienic nor sanitary for the travellers.

12. Furthermore when Plaintiff tried to get some drinking water and was plainly refusal by a Terminal staff (Mr. Fawad) who stated that the drinking water was not available. It was neither available to be purchased at the tuck shop owned by Mr. Shaubani. In order to take by diabetic medication, the Plaintiff had no choice but to use the water from the bathroom.

13. The Plaintiff is a heart patient, who has received a major cardiac surgery few years back, all of the above resulted in severe mental and physical un-rest.

14. When Defendant was informed of the above mentioned events, it apologized for the events and ensured that the management would take appropriate action. However Defendant did not communicate about the same with the Plaintiff despite several reminders sent by the Plaintiff.

## COUNT 1: BREACH OF CONTRACT

15. Under the Contract for carriage between Defendant and the Plaintiff, it was an implied term that Defendant shall provide services with reasonable care and skill. It breached the implied term of the contract in that;

   a) It failed to intimate the Plaintiff about change in terminal prior to Plaintiff reaching terminal S.
   b) It failed to provide or arrange for transport facility to the Plaintiff from terminal S to the Hajj terminal.
   c) It failed to take care that there must be drinking water supply available at the terminal for its passengers including the Plaintiff.
   d) It failed to take care that its passengers including the Plaintiff have toilet facilities that are sanitary and hygienic and/or according to the standard set by international health regulations.

16. Consequently the breach of contract caused damage to the Plaintiff's physical and mental health, severe inconvenience, and travelling cost.

## COUNT 2: NEGLIGENCE

17. The Defendant as a carrier owed a duty of care towards the Plaintiff as a passenger. It breached its duty of care in that;

   a) It failed to intimate the Plaintiff about change in terminal prior to Plaintiff reaching terminal S that caused severe inconvenience.
   b) It failed to provide transport facility to the Plaintiff from terminal S to the Hajj terminal.
   c) It failed to take care that there must be drinking water supply available at the terminal for its passengers including the Plaintiff.
   d) It failed to take care that its passengers including the Plaintiff have toilet facilities that are sanitary and hygienic.

18. As a result of the negligence, the Plaintiff bore the extra travel cost, suffered physical and mental pain, and severe inconvenience.

## PRAYER

Wherefore, the Plaintiff respectfully prays that this Court enter judgment against Defendant in sum of $ 100,000.

Interests and costs and any other relief which this court deems appropriate may also be granted.

**DISTRICT OF COLUMBIA**

Syed Mohammad Arif Naqvi being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by Defendant to the Plaintiff, exclusive of all set-offs and just grounds of defense.

_____
Plaintiff
Syed Mohammad Arif Naqvi
13291 Leaf Crest Lane # 202-A,
Fair Fax, Virginia 22033, U.S.A
Phone No: (703) 346 5584

Subscribed and sworn to before me this __27__ day of June 2014

MANJEET KAUR SANDHU
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES NOV. 30, 2017
COMMISSION # 121730

6/27/14



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SYED M. ARIF NAQVI
Vs.
SAUDI ARABIAN AIRLINES INC.

C.A. No.   2014 CA 004302 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date: July 14, 2014
Initial Conference: 9:30 am, Friday, October 24, 2014
Location: Courtroom 214
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc